IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:96-CR-00203 |
| v. | (Chief Judge Brann) |
| RAYFUL EDMOND, III, | |
| Defendant. | |

MEMORANDUM OPINION

APRIL 8, 2022

I.   BACKGROUND

In 1996, Rayful Edmond, III pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count criminal forfeiture, in violation of 21 U.S.C. § 853.[1] Edmond's convictions related to his conduct while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania when, from approximately January 1991 until July 1994, Edmond participated in a conspiracy to distribute cocaine.[2] For a commission, Edmond connected cocaine producers and their agents in Colombia with drug traffickers in the District of Columbia area, who would then resell that cocaine to others in the region.[3]

---

[1]   Doc. 41-1 at 4; *see* Docs. 2, 16.
[2]   Doc. 41-1 at 6.
[3]   *Id.*; *see id.* at 6-9.

Prior to sentencing, a presentence report (PSR) was prepared that calculated a base offense level of 38, as the offense involved 150 kilograms or more of cocaine; the offense level was increased by two points because the offense involved firearms, and by four levels because Edmond was an organizer or leader of criminal activity.[4] The PSR applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 41; that, along with a criminal history category III, resulted in a sentencing guidelines range of 360 months to life imprisonment.[5]

Edmond had no objections to the PSR and, accordingly, the Court calculated a sentencing guidelines range of 360 months to life imprisonment.[6] After hearing from the parties, the Court sentenced Edmond to 360 months' imprisonment.[7] That sentence was to run consecutive to the life sentence imposed by the United States District Court for the District of Columbia that Edwards was then serving.[8]

In August 2021, Edmond filed a motion for a sentence reduction, pursuant to Amendment 782 to the <u>United States Sentencing Guidelines Manual</u> (USSG).[9] Edmond argues that a reduced sentence of 240 months' imprisonment is appropriate in light of the reduction to his offense level based on Amendment 782, as well as his cooperation with law enforcement, and post-conviction rehabilitative efforts.[10]

---

[4] *Id.* at 10; Doc. 48 at 12-13.
[5] Doc. 41-1 at 11-13; Doc. 48 at 14.
[6] Doc. 41-2 at 32-33.
[7] *Id.* at 41; *see* Doc. 34.
[8] Doc. 34.
[9] Doc. 41.
[10] *Id.*; Doc. 54.

The Government responds that, although a sentence reduction is appropriate pursuant to Amendment 782, this Court's authority to reduce Edmond's sentence is sharply circumscribed, and any sentence imposed must fall within the amended sentencing guidelines range, after accounting for the reduction warranted under Amendment 782.[11] The Government therefore contends that a sentence of 324 months' imprisonment is appropriate.[12] The Government further argues that, to the extent that Edmond believes his assistance to law enforcement warrants a sentence reduction, such a reduction may only be accomplished through a Federal Rule of Criminal Procedure 35 motion.[13]

The parties have filed reply briefs, and this matter is now ripe for disposition.[14] For the following reasons, Edmond's motion will be granted in part, and his sentence will be reduced to 324 months' imprisonment.

## II.  DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[15] Pursuant to 18 U.S.C. § 3582(c)(2), district courts may reduce a defendant's sentence if (1) "the term of imprisonment [was] based on a sentence range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable

---

[11]  Doc. 48 at 15-28.
[12]  *Id.* at 24-25.
[13]  Doc. 55.
[14]  Docs. 54, 55.
[15]  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).

3

policy statements issued by the Sentencing Commission."[16] The sentencing guidelines provide that a sentence reduction is consistent with its policy statement, and is therefore authorized under § 3582(c)(2), if an amendment listed in USSG § 1B1.10(d) is applicable to the defendant, and has the effect of lowering his applicable guidelines range.[17]

The sentencing guidelines explain that, in determining the extent of reduction that is warranted, "the court shall determine the amended guidelines range that would have been applicable" had the relevant amendment been in place at the time of sentencing, and "the court shall substitute only the [relevant] amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[18] The United States Supreme Court has concluded, in accordance with that language, that any sentencing provisions or determinations that are not impacted by the relevant amendment "are outside the scope of the proceeding authorized by § 3582(c)(2)" and may not be addressed in determining the appropriate sentence reduction.[19]

---

[16] 18 U.S.C. § 3582(c)(2); USSG § 1B1.10; *see Dillon v. United States*, 560 U.S. 817, 824-26 (2010).
[17] USSG § 1B1.10(a)(2).
[18] USSG § 1B1.10(b)(1).
[19] *Dillon v. United States*, 560 U.S. 817, 831 (2010). *See also United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012) (noting that the sentencing guidelines "prohibit[] a reduction below the low end of a prisoner's new range, even if the prisoner originally received a below-Guidelines sentence. The only exception is for defendants whose below-Guidelines sentences were based on a government motion to reflect the defendant's substantial assistance to authorities. Only then is a reduction below the bottom of a prisoner's amended range

With these benchmarks in mind, the Supreme Court has held that 18 U.S.C. § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."[20]

Here, as the Government concedes, Amendment 782 applies to Edmond and has the effect of lowering Edmond's applicable guidelines range, meaning that he is entitled to a sentence reduction.[21] Amendment 782 reduces Edmond's base offense level to 36, as he was responsible for at least 150 kilograms of cocaine.[22] Along with

---

allowed"). The commentary to the Guidelines provides examples of the practical effect of this limitation:

> if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

> If the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies. Thus, if the term of imprisonment imposed in the example provided above was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

USSG § 1B1.10 cmt. n.3.
[20] *Dillon*, 560 U.S. at 826.
[21] Doc. 48 at 24-25.
[22] USSG § 2D1.1(c)(2) (2018).

the relevant enhancements provided for at sentencing that increased his offense level by six levels, and the three-level reduction in offense level for acceptance of responsibility, Edmond's total offense level is now 39. That, along with his criminal history category III, results in an amended sentencing guidelines range of 324 to 405 months' imprisonment. Consequently, the Court is authorized to reduce Edmond's sentence to as little as 324 months' imprisonment.

Because Edmond is eligible for a reduction in his sentence, the Court must determine the extent of reduction that is warranted. As an initial matter, however, Edmond argues that, despite clear authority that limits the Court's ability to impose a sentence below the amended guideline range, this Court may impose sentence below that range based upon his substantial assistance to law enforcement.[23] Edmond is correct that the sentencing guidelines provide that "a reduction comparably less than the amended guideline range . . . may be appropriate" if the defendant provided substantial assistance to the Government.[24] However, that subsection cabins such authority by providing that a reduction below the applicable range is only permitted if a below-guideline sentence was previously imposed "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."[25] The commentary to that section explains that:

> The provisions authorizing such a government motion are [USSG] § 5K1.1 (Substantial Assistance to Authorities) (authorizing, upon

---

[23] Doc. 54.
[24] USSG § 1B1.10(b)(2)(B).
[25] *Id.*

6

government motion, a downward departure based on the defendant's substantial assistance); 18 U.S.C. § 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance); and Fed. R. Crim. P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant's substantial assistance).[26]

Consequently, a reduction below the bottom of the amended guidelines range is permissible "only" when the Government files one of the aforementioned motions, and only when such a motion resulted in the imposition of a below-guidelines sentence.[27] Here, it is uncontested that the sentence imposed was within the original sentencing guidelines range and that, in this case, the Government has not filed a USSG § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b) motion to reduce Edmond's sentence. Accordingly, the Court cannot impose a sentence below the bottom of the amended sentencing guidelines range—324 months' imprisonment.

Turning to the question of what constitutes an appropriate reduction, the Government urges a reduction of Edmond's sentence to the bottom of the amended range, in accordance with the original sentence.[28] The Court agrees that, as detailed in Edmond's motion for a sentence reduction,[29] the relevant 18 U.S.C. § 3553(a) factors warrant a 324-month sentence, which is at the bottom of the amended

---

[26] USSG § 1B1.10 cmt. n.3. *See also United States v. Savani*, 733 F.3d 56, 64 (3d Cir. 2013) (quoting commentary note 3).
[27] *Berberena*, 694 F.3d at 519. *See also United States v. Woods*, 500 F. App'x 109, 112 n.3 (3d Cir. 2012) (holding that the § 1B1.10(b)(2)(B) "exception is not applicable in [appellant's] case because no such motion to reflect substantial assistance was filed").
[28] Doc. 48 at 25.
[29] Doc. 41.

sentencing guideline range and the lowest sentence that the Court may impose.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Edmond's sentence should be reduced to the lowest sentence permitted by law, 324 months' imprisonment. Consequently, Edmond's motion for a sentence reduction pursuant to Amendment 782 will be granted, but not to the extent requested by Edmond.

An appropriate Order follows.

                                            BY THE COURT:

                                            *s/ Matthew W. Brann*
                                            Matthew W. Brann
                                            Chief United States District Judge