IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:96-CR-00203 |
| v. | (Chief Judge Brann) |
| RAYFUL EDMOND, III, | |
| Defendant. | |

MEMORANDUM OPINION

NOVEMBER 7, 2022

## I.  BACKGROUND

In 1996, Rayful Edmond, III pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count criminal forfeiture, in violation of 21 U.S.C. § 853.[1] Edmond's convictions related to his conduct while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania when, from approximately January 1991 until July 1994, Edmond participated in a large conspiracy to distribute cocaine.[2] For a commission, Edmond connected cocaine producers and their agents in Colombia with drug traffickers in the District of Columbia area, who would then resell that cocaine to others in the region.[3]

---

[1]  Doc. 41-1 at 4; *see* Docs. 2, 16.
[2]  Doc. 41-1 at 6.
[3]  *Id.*; *see id.* at 6-9.

As part of that plea agreement, Edmond agreed to cooperate with the Government, but bargained for any benefit of that cooperation to be applied to the sentence that his mother, Constance Perry, was then serving.[4] Edmond ultimately fulfilled his portion of the agreement, the Government filed a Federal Rule of Criminal Procedure 35(b) motion in the United States District Court for the District of Columbia, and Constance Perry's motion was reduced to time served.[5]

Prior to Edmond's sentencing, a presentence report (PSR) was prepared that calculated a base offense level of 38, as the offense involved 150 kilograms or more of cocaine; the offense level was increased by two points because the offense involved firearms, and by four levels because Edmond was an organizer or leader of criminal activity.[6] The PSR applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 41; that, along with a criminal history category III, resulted in a sentencing guidelines range of 360 months to life imprisonment.[7]

Edmond had no objections to the PSR and, accordingly, the Honorable Malcolm Muir[8] calculated a sentencing guidelines range of 360 months to life imprisonment.[9] After hearing from the parties, Judge Muir sentenced Edmond to 360

---

[4] Doc. 64-1 at 5-6.
[5] Doc. 64-2 at 2.
[6] *Id.* at 10; Doc. 48 at 12-13.
[7] Doc. 41-1 at 11-13; Doc. 48 at 14.
[8] Judge Muir is now deceased, and this matter was transferred to the undersigned in June 2021.
[9] Doc. 41-2 at 32-33.

months' imprisonment.[10] That sentence was to run consecutive to the life sentence imposed by the United States District Court for the District of Columbia that Edmond was already serving.[11]

In August 2021, Edmond filed a motion for a sentence reduction, pursuant to Amendment 782 to the United States Sentencing Guidelines Manual.[12] The Court granted that motion and reduced Edmond's sentence to 324 months' imprisonment.[13]

Prior thereto, the Government filed before the United States District Court for the District of Columbia a motion for a sentence reduction, pursuant to Federal Rule of Criminal Procedure 35(b), based upon Edmond's substantial assistance after his sentencing.[14] That court reviewed the motion and, based upon the significant cooperation offered by Edmond along with the relevant 18 U.S.C. § 3553(a) sentencing factors, reduced Edmond's sentence from life imprisonment to twenty years' imprisonment.[15]

The Government has now filed a Rule 35(b) motion before this Court seeking a 36-month reduction in Edmond's sentence based upon the same assistance that was

---

[10] *Id.* at 41; *see* Doc. 34.
[11] Doc. 34.
[12] Doc. 41.
[13] Docs. 56-58.
[14] *See United States v. Edmond*, No. CR 89-162 (EGS), 2021 WL 706534, at *1 (D.D.C. Feb. 23, 2021).
[15] *Id.* at *9-24.

before the court in the District of Columbia.[16] The Government asserts that a sentence reduction is warranted because Edmond cooperated by providing:

> 1) testimony at criminal trials in the District of Columbia and elsewhere resulting in the conviction and guilty pleas of several defendants; 2) background concerning ongoing narcotics trafficking investigations leading to wiretaps that led to the prosecution of over 100 individuals; 3) information related to cold-case homicides; and 4) information related to the reform of prison telephone and visitation procedures.[17]

The Government asserts that the extent of any sentence reduction must be tempered, however, by the serious nature of Edmond's crime of conviction,[18] as well as the fact that Edmond received a significant benefit for his cooperation in light of the sentence reduction issued by the United States District Court for the District of Columbia.[19]

Edmond argues that the sentence reduction requested by the Government is inadequate, and requests that he instead be sentenced to time served in light of "the extraordinary nature of his assistance."[20] Edmond notes numerous instances of cooperation that significantly assisted the Government in other matter and asserts that the Government's requested reduction "is ill-informed at best, and completely arbitrary at worst."[21]

---

[16] Doc. 65. Edmond previously filed a motion to compel the Government to file a Rule 35(b) motion, Doc. 62, and that motion will be denied as moot.
[17] Doc. 65 at 2-3.
[18] *Id.* at 3-4.
[19] Doc. 64 at 16.
[20] Doc. 68 at 1.
[21] *Id.* at 6; *see id.* at 2-5.

At the Court's request, the Government filed a reply brief, while Edmonds has filed what he terms a "supplement," and this matter is now ripe for disposition.[22] For the following reasons, the Government's motion will be granted, and Edmond's sentence will be reduced to 288 months' imprisonment.

## II.    DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, . . . but the rule of finality is subject to a few narrow exceptions."[23] Rule 35(b) is one such exception and provides, as relevant here, that:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.[24]

While the power to file a motion pursuant to Rule 35(b) rests with the Government, the decision of whether to grant such a motion "is directed to the discretion of the district court."[25] "'In deciding a Rule 35(b) motion, a district court makes two inquiries. First, it must determine whether the defendant in fact provided

---

[22] Docs. 76, 77.
[23] *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citations and quotation marks omitted).
[24] Fed. R. Crim. P. 35(b)(2)(C).
[25] *United States v. Foisy*, No. CRIM.A. 04-0029-2, 2006 WL 42402, at *1 (E.D. Pa. Jan. 6, 2006) (citing *Diggs v. United States*, 740 F.2d 239, 249 (3d Cir. 1984)).

5

substantial assistance. Second, if so, it must then determine what, if any, reduction in sentence is warranted.'"[26]

Applying those standards here, the Court concludes that the Government's motion should be granted. First, it is undisputed that Edmond provided substantial assistance.[27] As recounted by the Honorable Emmet G. Sullivan in ruling on the Government's Rule 35(b) motion in the United States District Court for the District of Columbia, Edmond's "cooperation was exceptionally high"[28] and lasted for more than fifteen years.[29]

Edmond's assistance involved testifying in open court against a "racketeering drug enterprise [that] covered criminal activity spanning more than a decade and was perhaps the most violent drug trafficking group ever prosecuted in" the District of Columbia, and testified in a criminal case in North Carolina.[30] Edmond further: provided information that was useful for the Government in obtaining wiretaps that led to the indictment of hundreds of individuals in several different criminal cases; helped decode language in wiretaps; provided information that assisted the District of Columbia in resolving several cold case homicides; allegedly brokered a truce between two warring gangs in the District of Columbia; and provided information

---

[26] *Edmond*, 2021 WL 706534 at *9 (quoting *United States v. Katsman*, 905 F.3d 672, 674 (2d Cir. 2018)).
[27] *See* Doc. 64 at 15 (noting that the Government is moving for a sentence reduction "because of the substantial assistance that Edmond has provided").
[28] *Edmond*, 2021 WL 706534 at *19.
[29] *Id.* at *6.
[30] *Id.*

regarding exploits of prison telephone and visiting privileges that allowed inmates to conduct criminal activity—information that led to significant reforms in the United States Bureau of Prisons' policies.[31]

Second, the Court concludes that Edmond's cooperation is adequately rewarded by the 36-month sentence reduction proposed by the Government.[32] There is no doubt that Edmond's assistance was extensive and warrants a significant sentence reduction. However, Edmond has largely received the benefit of that merited reduction in the United States District Court for the District of Columbia, which reduced Edmond's sentence from life imprisonment to twenty years' imprisonment based upon the same assistance that is at issue here.

Although Edmond may disagree that the reduction adopted by the Court adequately rewards his cooperation, the magnitude of the benefit that he has received cannot be understated. Only two years ago, Edmond had every expectation that he would spend the rest of his life in custody. Now, however, he will leave prison in less than 30 months and begin a life outside of federal custody. In light of that significant benefit bestowed by the court in the District of Columbia, along with the serious nature of Edmond's crime of conviction and the balance of the other relevant 18 U.S.C. § 3553(a) factors, a 36-month sentence reduction is appropriate.

---

[31] *Id.* at *7-8; Doc. 68 at 2-5.
[32] The point reduction system proposed by Edmond is without basis, and the Court declines to implement such a system here.

## III.  CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion and reduce Edmond's sentence to 288 months' imprisonment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge