# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:96-CR-00203 |
| v. | (Chief Judge Brann) |
| RAYFUL EDMOND, III, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 18, 2024

In 1996, Rayful Edmond, III pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] Thereafter, a presentence report (PSR) was prepared that calculated a total offense level of 41.[2]

In calculating Edmond's criminal history score, the PSR added two criminal history points because Edmond had committed the offense while incarcerated, pursuant to *United States Sentencing Guidelines Manual* § 4A1.1(d) (1997), and an additional point for committing the offense while incarcerated, in accordance with USSG § 4A1.1(e).[3] Along with three points for Edmond's previous criminal conviction, the PSR calculated six total criminal history points, resulting in a criminal history category III, and a sentencing guidelines range of 360 months to life

---

[1] Docs. 2, 16.
[2] PSR at 10-11.
[3] *Id.* at 13.

imprisonment.[4] Edmond was later sentenced to 360 months' imprisonment, to run consecutive to the life sentence imposed by the United States District Court for the District of Columbia that Edwards was then serving.[5]

Currently pending before the Court is Edmond's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821 to the *United States Sentencing Guidelines Manual*.[6] "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[7]

However, pursuant to § 3582(c)(2), district courts may reduce a defendant's sentence if (1) "the term of imprisonment [was] based on a sentence range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[8] The Sentencing Guidelines provide that a sentence reduction "is not consistent with [USSG § 1B1.10], and therefore is not authorized under 18 U.S.C. § 3582(c)(2)," if, *inter alia*, an amendment does not have the effect of lowering the defendant's applicable Sentencing Guidelines range.[9]

---

4   *Id.* at 12-14.
5   Doc. 34; Doc. 41-2 at 32-33, 41.
6   Doc. 131.
7   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
8   18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10(a)(1) (2023); *Dillon v. United States*, 560 U.S. 817, 824-26 (2010).
9   USSG §§ 1B1.10(a)(2)(B), 1B1.10(d) (2023).

The Sentencing Guidelines explain that, in determining whether an amendment has the effect of lowering a Sentencing Guidelines range, "the court shall determine the amended guidelines range that would have been applicable" had the relevant amendment been in place at the time of sentencing, and "the court shall substitute only the [relevant] amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[10] The Supreme Court of the United States has concluded, in accordance with that language, that any sentencing provisions or determinations that are not impacted by the relevant amendment "are outside the scope of the proceeding authorized by § 3582(c)(2)."[11]

As relevant here, Amendment 821 modifies the portion of the Sentencing Guidelines that previously provided two criminal history points to a defendant if he "committed the instant offense while under any criminal justice sentence, including . . . imprisonment."[12] Pursuant to Amendment 821, a defendant now receives one additional criminal history point only if he had seven or more other criminal history points and "committed the instant offense while under any criminal justice sentence,

---

[10] *Id.* § 1B1.10(b)(1).
[11] *Dillon*, 560 U.S. at 831.
[12] USSG § 4A1.1(d) (1997).

including probation, parole, supervised release, imprisonment, work release, or escape status."[13] Otherwise, he receives no additional points.[14]

Here, a sentence reduction pursuant to Amendment 821 is inappropriate for the simple reason that the amendment does not have the effect of lowering Edmond's Sentencing Guidelines range. Leaving all other Sentencing Guidelines calculations the same and substituting only USSG § 4A1.1(d) from the 1997 Sentencing Guidelines with § 4A1.1(e) of the 2023 Sentencing Guidelines, Edmond would have four criminal history points and would therefore remain a criminal history category III.[15] Because Amendment 821 does not have the effect of lowering Edmond's Sentencing Guidelines range, he is ineligible for a sentence reduction.[16]

---

[13] USSG § 4A1.1(e) (2023).

[14] *Id.*

[15] This calculation is somewhat complicated by the inclusion of one criminal history point under 4A1.1(e) of the 1997 Sentencing Guidelines. That provision read:

> Add 2 points if the defendant committed the instance offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

> This provision complicates matters because it cross-references a two-point increase in subsection (d) that no longer exists because, pursuant to Amendment 821, a defendant's criminal history score may now only be increased by, at most, one point. Nevertheless, this complication does not impact the Court's analysis. Either the Court ignores this incongruity and maintains the one-point increase originally applied at Edmond's sentencing, or applies a new two-point increase because the cross-reference is effectively eliminated under Amendment 821, meaning two points must be added under subsection (e) of the 1997 Sentencing Guidelines. In either scenario, Edmond remains a criminal history category III.

[16] USSG § 1B1.10(a)(2)(B) (2023).

Edmond seeks to escape this conclusion by arguing that the one-point increase to his criminal history category under USSG § 4A1.1(e) (1997) should be excluded from any criminal history category calculation because, despite the fact that increases under that subsection were eliminated through nonretroactive Amendment 742,[17] that single point is a "status point"—a category of points that was purportedly eliminated by Amendment 821.[18] Therefore, Edmond argues, the point should be removed from his criminal history category calculation, even though Amendment 742 is not retroactively applicable.[19] This argument is without merit.

First, as the language of the 1997 Sentencing Guidelines makes clear, the point added to Edmond's criminal history score was not based on Edmond's "status," but was based on the recency of his past offense; it just so happens that no prior sentence is more recent than one the defendant is serving at the time of the offense.[20] In any event, amendments to the Sentencing Guidelines eliminate or add words, sentences, or paragraphs, not broad, metaphysical categories of enhancements. The "recency" points previously added to a criminal history through § 4A1.1(e) were eliminated by nonretroactive Amendment 742, which became effective November 1, 2010. Those

---

[17] Edmond agrees that Amendment 742 is not retroactively applicable and cannot be applied here. Doc. 138 at 2. *See also* USSG § 1B1.10(d) (2023) (listing retroactive amendments to the Sentencing Guidelines, which does not include Amendment 742).
[18] Doc. 138 at 4-6.
[19] *Id.*
[20] *See* USSG § 4A1.1(e) (1997) (providing that criminal history points should be added "if the defendant committed the instant offense less than two years after release from imprisonment").

5

points therefore could not possible have been eliminated by Amendment 821, which became effective well over a decade later.

Why the Sentencing Commission chose to make Amendment 821 retroactive while designating Amendment 742 nonretroactive is curious and difficult to discern. But that is precisely what the Sentencing Commission did, and the Court does not have the power—or the inclination—to overrule that decision. Nor may the Court unilaterally remove the point that was added to Edmond's criminal history score under § 4A1.1(e) and reduce his sentence, as that would violate the statutory mandate that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission."[21]

The Sentencing Commission expressed its clear policy regarding defendants who received criminal history points pursuant to the old § 4A1.1(e); such defendants were not to receive retroactive relief.[22] Because it is clear that the Sentencing Commission did not intend for defendants to obtain the retroactive benefit of Amendment 742, it is equally clear that the Sentencing Commission did not silently grant such relief through Amendment 821.

Because Edmond's criminal history category remains the same even after the passage of Amendment 821, his Sentencing Guidelines range likewise remains the same. Accordingly, he is ineligible for a sentence reduction, Edmond's motion for a

---

[21] 18 U.S.C. § 3582(c)(2).
[22] *See* USSG § 1B1.10(d).

6

sentence reduction, pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 821, (Doc. 131), will be denied.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge