IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:96-CR-00203 |
| v. | (Chief Judge Brann) |
| RAYFUL EDMOND, III, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JULY 26, 2024

Currently pending before the Court is Rayful Edmond's motion for reconsideration of this Court's prior Order denying his motion for compassionate release.[1] The Court denied this motion for lack of any extraordinary and compelling reason to warrant compassionate release.[2] Edmond now moves for reconsideration arguing the law was erroneously applied creating an manifest injustice but offers no actual argument in support of that assertion. Edmond's motion appears to be nothing more than a further attempt to wriggle his way out of a properly imposed—and already twice reduced—sentence for his criminal conduct while incarcerated in FCI Lewisburg. As Edmond has demonstrated throughout his duplicative motions, it is much easier to be critical than to be correct.[3]

---

[1] Order, Doc. 141.
[2] Docs. 89, 108, 109, 141 and 142.
[3] *See* Benjamin Disraeli, Address in Answer to Her Majesty's Speech (January 24, 1860).

In a motion for reconsideration, the movant must demonstrate one of three arguments: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact to prevent manifest injustice."[4] The United States Court of Appeals for the Third Circuit has held that the focus is on the gravity and overtness of any error.[5] "[A] manifest error is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law."[6] Disagreeing with a court's reasoning is not a proper basis under which to grant reconsideration.[7] Therefore, Edmond must show more than a mere disagreement with the prior ruling, he must demonstrate a "direct, obvious [or] observable error."[8]

Edmond argues that reconsideration is warranted on the grounds of legal error claiming "[t]he Court's rationale and reasoning is clear on the law, but murky when it comes to the application of the law."[9] Although, Edmond's argues the "draconian enhancements" and extenuating circumstances surrounding his 1997 sentencing have created a manifest injustice, his argument is a mere reiteration of his previous arguments to the Court and which this Court has analyzed and rejected.[10]

---

[4] *OR v. Hunter*, 576 F. App'x 106, 110 (3d. Cir. 2014).
[5] *In re Energy Future Holdings Corp.,* 904 F.3d 298, 312 (3d Cir. 2018).
[6] *Id.* (second alteration in original) (quoting Black's Law Dictionary 563 (7th ed. 1999).
[7] *Foster v. Slomsky,* No. 23-1298, 2024 U.S. App. LEXIS 8712, at *7 (3d Cir. Apr. 11, 2024) (unpublished).
[8] *In re Energy Future Holdings Corp.,* 904 F.3d 298, 312 (3d Cir. 2018).
[9] Motion for Reconsideration, Doc 144 at 20.
[10] *Compare* Doc. 133 *v.* Doc. 144.

Furthermore, Edmond repeatedly cites the Court's prior analysis[11] but offers no argument for why the Court's legal application is erroneous. As the Court has already noted, Edmond's reiterative arguments continue to set forth facts directly in conflict with the record regarding his plea agreement and sentencing enhancements.[12]

The Court concludes that no clear error warrants the reconsideration of the Order denying Edmond's motion for compassionate release. Reconsideration is generally reserved for "extraordinary circumstances,"[13] which Edmond has failed to show here. Edmond is essentially asking for reconsideration because he does not agree with this Court's prior legal analysis. Disagreement with the Court is not an extraordinary circumstance to warrant granting the motion for reconsideration and Edmond offers no separate argument for the Court's legal error aside from disagreeing with the Court's application of the law. Edmond has not met the burden of establishing that reconsideration is warranted.

---

[11] Memorandum Opinion, Doc. 140.
[12] Edmond claims that the Government agreed during his plea negotiations to give him a reduced sentence but told him he was not allowed to object to his sentencing enhancements. He also claimed he was unaware of these enhancements until sentencing. The Court is not clear on how Edmond was simultaneously unaware of these enhancements while also having knowledge of not being permitted to object to them. Nevertheless, Edmond agreed to these enhancements at his sentencing by not objecting to his Presentencing Report (PSR).
[13] *OR v. Hunter*, 576 F. App'x 106, 110 (3d. Cir. 2014).

Accordingly, the Court concludes that Edmond has failed to demonstrate that reconsideration is warranted, and **IT IS HEREBY ORDERED** that Edmond's motion for reconsideration (Doc. 144) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge